## BATRE, ET. AL. *vs.* LOUISIANA INSURANCE COMPANY.

### APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the insured settled with the underwriters for a partial loss and gave up their policy, without notifying them of a claim pending in the admiralty court for salvage, which, if successful, would increase the loss: *Held*, that the insured cannot recover of the insurers for any further loss they may sustain on account of salvage decreed to the salvors.

Had the insured notified the insurers at the time of the settlement, of this outstanding claim, a different case would have presented itself.

This is an action for additional loss sustained on a lot of merchandize, insured by the defendants in the brig Hope, which was wrecked on her return voyage from Havana to Mobile, in January, 1832. Soon afterwards, the plaintiffs adjusted their loss with the Louisiana Insurance Office, at

EASTERN DIST.
May, 1839.

BATRE ET AL.
vs.
LA. INSURANCE
COMPANY.

about fifteen hundred dollars; gave a receipt therefor, and returned the policy of insurance. In the meantime, suit had been instituted (by the pilots and others who saved the vessel and cargo from total ruin, when stranded near Mobile point,) in the Court of Admiralty for salvage, and the court awarded them one-third of the value of the ship and cargo, which were valued at fifteen thousand two hundred and ninety-nine dollars fifty-eight cents, which decree was affirmed by the Supreme Court of the United States. See 10, *Peters' Reports*, 108.

The plaintiffs share of this loss amounted to one thousand two hundred and sixty-five dollars sixty-two cents, for which they claim judgment against the defendants; the amount being still covered by the policy of insurance, but which they had already given up on the former settlement.

The defendants pleaded a general denial. It appears from the evidence of this case, that the *insurers* were never apprised of the pendency of the suit for salvage, and no mention was made of it in settling the former claim of the plaintiffs.

The parish judge gave judgment for the plaintiffs, and the defendants appealed.

*Benjamin*, for the plaintiffs, insisted that the amount claimed was for a loss happening by a peril insured against. It was not known at the former settlement and adjustment of accounts, and could not then be adjusted.

*Strawbridge, contra*, contended that the mere delivery up and possession of the policy by the defendants, furnishes a presumption of payment or remission of the debt. *Louisiana Code*, 2195.

2. Where a settlement takes place and the policy surrendered, it is an adjustment, *technically* so called. *Phillips on Insurance*, 500. Such an adjustment cannot be set aside, but for fraud or a mistake of facts unknown at the time. Here the plaintiffs knew of the pendency of the suit for salvage, and failed to notify the defendants. *Phillips*, 501.

*Eustis, J.*, delivered the opinion of the court.

The plaintiffs, residing in Mobile, Alabama, on the 16th of January, 1832, effected insurance with the defendants on merchandize shipped on board the Hope, for the sum of two thousand seven hundred and fifty dollars: a loss having occurred, the claim of the plaintiffs was adjusted by the defendants in the sum of fifteen hundred dollars, which was paid, and the policy was delivered up. Previous to the adjustment, a libel had been filed against the Hope and cargo for salvage, (which had been made on the voyage insured,) in the District Court of the United States for the Southern District of Alabama. Judgment was rendered for the libelants, and the plaintiffs, claimants in the suit in admiralty, took an appeal to the Supreme Court of the United States, in which the decree of the court below was affirmed. The plaintiffs having been bound to pay this judgment, and having paid it, have brought suit against the insurers; they allege that this matter was not included in the adjustment made in 1832, and that the policy was delivered up to the insurers under the erroneous impression that the salvage claimed was unfounded and could not be sustained. The receipt on the policy is for one thousand five hundred and five dollars forty-two cents in full, for loss stated above; and by the statement it does not appear that this claim for salvage is expressly included; a claim for salvage was included, which had no connection with that which was the subject of the suit in admiralty.

There is no evidence which proves that the defendants had notice of this suit, which it appears the plaintiffs conducted entirely in their own way and on their own account. Had they notified the defendants, at the time of the settlement, of this outstanding claim, a different case would have presented itself; but construing the agreement as the plaintiffs themselves have executed it, we must consider it as conclusive on their claims under the policy. Had they considered the suit in the admiralty court of Mobile to have been conducted by them on account of the underwriters, is it possible that they would not have notified them of its exis-

EASTERN DIST.
*May*, 1839.

BATRE
*vs.*
LA. INSURANCE
COMPANY.

Had the insured notified the insurers at the time of the settlement of this outstanding claim, a different case would have presented itself.

EASTERN DIST.
*May*, 1839.

tence, and as prudent men, have consulted them as to its management, and have called upon them for the expenditures incident to it? We are forced to the conclusion that the plaintiffs have no claim whatever on the defendants for the causes set forth in their petition. The judgment of the parish court is, therefore, reversed, and judgment is entered for the defendants, with costs in both courts.